```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- x
FOX MARINE CORPORATION,                  :
                                          :
                    Plaintiff,            :
                                          :     MEMORANDUM & ORDER
         -against-                        :
                                          :     14-CV-3839 (ENV)(MDG)
COASTAL ENVIRONMENTAL GROUP,              :
                                          :
                    Defendant.            :
                                          :
----------------------------------------------------------- x
```

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 16 2015 ★
BROOKLYN OFFICE

VITALIANO, D.J.

On June 19, 2014, Fox Marine Corporation ("Fox") initiated this action against Costal Environmental Group ("Coastal") demanding $60,000 for Coastal's failure to pay for tug boat services provided by Fox. (Compl., ECF No. 1). On the eve of arbitration, on November 5, 2014, the parties reached a settlement in which Coastal agreed to pay Fox $48,450. This action was then discontinued pending Coastal's compliance with the settlement agreement. The Court retained jurisdiction to ensure consummation of the agreement. (Order of Dismissal, ECF No. 12; Kean Decl., ECF No. 18, at ¶ 4). Coastal, after making an initial $10,000 payment, has failed to keep its end of the bargain, claiming financial "hardship." As a consequence, the case was reopened on February 25, 2015. (Order Reopening Case, ECF No. 15; Kean Decl., at ¶ 5).

1

Despite the close supervision and good offices of Magistrate Judge Marilyn D. Go, the parties have been unable to resolve their settlement issues. Fox, claiming breach of the settlement agreement, now moves for judgment on it, pursuant to Rules 12, 54, and/or 56 of the Federal Rules of Civil Procedure, in the amount of $38,450, plus interest and costs. (Motion for Judgment, ECF No. 18). Coastal has indicated that it does not oppose the motion. (Kean Decl., at ¶ 11).

It is well-established that a district court may grant an unopposed Rule 56 motion as long as the moving party "'has met its burden of demonstrating that no material issue of fact remains for trial.'" *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004) (citation omitted). Here, no genuine issue of material fact remains. Over the course of settlement renegotiations before Judge Go, it has become abundantly clear, and it is undisputed by Coastal, that the agreed-upon settlement has not and will not be consummated by Coastal. (Kean Decl., at ¶ 10). Fox is entitled to enforce the agreement and to damages for its breach.

## Conclusion

For the reason set forth above, plaintiff's motion is granted.

The Clerk of Court is directed to enter judgment in favor of Fox against Coastal in the amount of $38,450, plus interest and costs, and to restore this case to the closed docket.

So Ordered.

Dated: Brooklyn, New York
June 12, 2015

s/Eric N. Vitaliano
_____
ERIC N. VITALIANO
United States District Judge